UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |  | |
|---|---|---|---|
| TIMOTHY L. MATSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | CAUSE NO. 4:08-CV-0039 AS | |
| | ) | | |
| REX W. KEPNER, Circuit Judge, | ) | | |
| and BENTON COUNTY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

*OPINION AND ORDER*

Timothy Matson, a prisoner confined at the Benton County Jail, filed a complaint under 42 U.S.C. § 1983, alleging that Circuit Judge Rex Kepner and Benton County violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Matson alleges in his complaint that Benton Circuit Court Judge Rex Kepner violated his federally protected rights by presiding over his trial and sentencing him upon conviction even though he had prosecuted Matson on another matter when he was a prosecutor. Matson seeks fair monetary compensation from Judge Kepner and Benton County.

Judge Kepner is entitled to absolute judicial immunity against Matson's damage claims if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.* 435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990). Judge Kepner had the jurisdiction to preside over Matson's criminal case and enter sentence on him after he was convicted. *See John v. Barron,* 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge).

Accordingly, Judge Kepner is entitled to judicial immunity against Matson's damage claims on his allegation that Judge Kepner on presided over his criminal trial even though he had prosecuted Matson for other matters when he had been a prosecutor.

Matson also names Benton County as a defendant, apparently seeking to hold the county responsible for Judge Kepner's actions. "But judges of Indiana's circuit, superior, and county courts are not county officials, they are judicial officers of the state judicial system." *Sims v. Kernan*, 29 F. Supp.2d 952, 958 (N.D.Ind. 1998). Judge Kepner, as Judge of the Benton Circuit Court, is not a county official. Benton County and its commissioners have no control over the Benton Superior Court, and Matson may not sue the county or its officials based in the actions or inactions of circuit or superior court judges. *Sims v. Kernan*, 29 F. Supp. 2d 952 at 958.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

**DATED**: August 6, 2008

                                              **/s/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**